A. A. BURTON *v.* MARGARET P. ROBINSON.

**Husband and Wife—Dower—Contingent Holding.**

A wife is not endowed of lands purchased and paid for by her husband, but which he held merely a title bond for, and which the husband had conveyed to creditors by deed of assignment, although at the sale of all lands under the assignment, the officer proclaimed "subject to the right of dower of ——————."

**Same.**

At the sale of said lands, the officer proclaimed that the wife's dower interest was reserved, and this fact was reported to the court by the commissioner in his report of the sale to appellant. **Held,** that this would not impart any enlargement of her right of dower which she actually had, nor bind the purchaser to yield to her a greater interest, in the form of dower, than she might have enforced against the creditors as vendees of her husband.

APPEAL FROM GARRARD CIRCUIT COURT.

May 24, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

Richard M. Robinson, having title to about 234 acres of land, and being the equitable owner of other lands in his possession, including a tract of about 54 acres, for which he held the bond of Thomas Moore for title, on the 8th day of January, 1866, conveyed his whole estate, real and personal, to a trustee for the payment of his debts; and afterwards by appropriate proceedings, the two parcels of land aforesaid, were publicly sold and purchased by the appellant, as containing about 288¾ acres, at the price of $61 per acre; and the sale was afterwards confirmed, and the title of R. M. Robinson, as vested in the trustee, and also the title of Moore to the 54 acre tract, conveyed to the purchaser.

In July, 1869, R. M. Robinson having died, this suit was brought by the appellee, Margaret P. Robinson, his widow, against the appellant, to recover dower in the land, which having been adjudged to her in the entire tract of 288¾ acres, the defendant has appealed to this court.

The right of the appellee to dower in the tract of 234 acres, being conceded, the only material question to be decided is, as to her right to dower in the 54 acre tract. It appears from the evidence that although the 54 acres of land had not been conveyed to Robinson at the date of his deed of assignment, he had long before purchased and paid for it; and that at the sale to the appellant, it was proclaimed that said 288¾ acres of land were being sold subject to the contingent right of dower of the appellee, and that fact was reported to the court by the commis· sioner, in his report of the sale to the appellant. It also appears that a previous sale of the same land had been made to another purchaser at the price of $69.80 per acre under a proclamation that the appellee would unite in the conveyance to the purchaser, and that sale was set aside because of her refusal to do so.

R. M. Robinson being divested of the equitable title to the 54 acres of land, in his life time, by his deed of assignment, for the benefit of his creditors, whose claims exceeded the amount of his entire estate, it is admitted in the argument for the appellee, on the authority of the case of Gully vs. Ray, (18 B. Monroe 107) and other decisions of this court, she had no available right of dower, in that tract of land as against the beneficiaries under the deed of assignment; but it is contended that the superior right of the creditors being waived in favor of the appellee, by the terms of the sale and its confirmation by the court, they operated to estop the appellant from controverting the claim of the appellee to dower in the 54 acres, as well as the residue of the tract. This might be so if the facts were such as to substitute the appellee to the right of the creditors, to the extent of the supposed right of dower, and to imply a contract on the part of the appellant to hold it in trust for her. But the fact that the sale of the 288¾ acres of land was made subject to her contingent right of dower, does not necessarily impart any enlargement of the rights which she actually had, nor bind the appellant to yield to her a greater interest, in the form of dower, than she might have enforced against the creditors as vendees of her husband; but had the effect merely, of preventing him from successfully registering the contract, or asserting a claim for indemnity, on account of such legal or equitable right as she had in all or any part of the 288¾ acres of land.

It was therefore erroneous to adjudge to the appellee dowe

Opinion of the Court.

in the tract of 54 acres of land; but no objection is perceived to the residue of the judgment.

Wherefore the judgment is reversed and the cause remanded with directions to render a judgment in conformity with this opinion.

*Burton,* for appellant.
*Durham, VanWinkle,* for appellee.